IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON BERNARD,<br><br>*Petitioner,*<br><br>v.<br><br>T.J. WATSON, Warden, Federal Correctional Complex (FCC) Terre Haute,<br><br>*Respondent.* | CIVIL ACTION<br>(Capital Habeas Corpus)<br><br>Case No.: 2:20-cv-00616-JRS-DLP<br><br>**\*CAPITAL CASE\***<br>**EXECUTION SCHEDULED FOR**<br>**DECEMBER 10, 2020** |

## PETITIONER'S SUPPLEMENTAL BRIEF

**ROBERT C. OWEN**
Law Office of Robert C. Owen, LLC
53 W. Jackson Blvd., Ste. 1056
Chicago, Illinois 60604
Phone: (512) 577-8329
Email: robowenlaw@gmail.com
Texas Bar No.: 15371950

**JOHN R. CARPENTER**
Assistant Federal Public Defender
Federal Public Defender for the
Western District of Washington
1331 Broadway, Suite 400
Tacoma, Washington 98402
Phone: 253.593.6710
Email: john_carpenter@fd.org
Washington Bar No.: 23301

Counsel for Petitioner

The Court has directed the parties to answer two questions:

- Assuming that *Brady* and *Napue* claims based on newly discovered evidence and directed at the prisoner's sentence may, under some circumstances, satisfy 28 U.S.C. § 2255(e)'s savings clause, what is the proper test for determining whether a particular claim satisfies the savings clause?

- Specifically, is the proper test analogous to § 2255(h)(1)'s test for claims directed at a prisoner's conviction? *See* 28 U.S.C. § 2255(h)(1) (requiring "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense").

Order Directing Supplemental Briefing, dkt. 14.

In Mr. Bernard's view, the short answer to the Court's questions is this: At least where a prisoner is under a sentence of death, he should be able to raise a *Brady* or *Napue* claim challenging his death sentence in a habeas petition under 28 U.S.C. § 2241 if government action prevented him from raising that claim in an initial motion under 28 U.S.C. § 2255. Improvising a different and more complex test by analogy to § 2255(h)(1) is unnecessary and inappropriate because, in the circumstances of a *Brady* or *Napue* claim, government misconduct has directly denied the petitioner a reasonable chance to obtain review of the claim in his initial § 2255 proceeding, and the Seventh Circuit has made such a denial of opportunity to litigate the sole focus of access to review under § 2241. Moreover, constructing a standard to parallel § 2255(h)(1) (such as, for example, requiring the petitioner to proffer newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable juror would have returned a death sentence" before he could seek review under § 2241) would allow the government to benefit unfairly from its own wrongdoing, by forcing the prisoner to carry a heavier burden than would have

applied in an initial § 2255 proceeding. And interposing such a standard would continue to incentivize the government to hide favorable evidence – hoping that by the time it is discovered, the increased burden on the petitioner will make it impossible for him to prevail. We will elaborate on these answers below.

    We begin with the observation that the threshold statutory question that brings § 2241 into play in no way implicates the merits of the prisoner's claim. That question is set out in § 2255(e): whether "the remedy by motion," i.e., a motion under § 2255, is "inadequate or ineffective to test the legality of [the] detention." In recent years, the Seventh Circuit has explored on numerous occasions what it means for the § 2255 remedy to be "inadequate or ineffective" within the meaning of § 2255(e). In so doing, however, the Court of Appeals has never suggested that the § 2241 habeas court should – or even may – examine the merits of the claim as part of making that threshold determination. Instead, it has focused solely on whether, in the circumstances of the prisoner's case, § 2255 allows "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (emphasis added); *see also Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 may be available when there is a "structural problem" in § 2255 that forecloses "even one round of effective collateral review" of the petitioner's claim); *Garza v. Lappin*, 253 F.3d 918, 922 (7th Cir. 2001) (§ 2255 is "genuinely inadequate or ineffective" where "the operation of the successive petition rules" would "absolutely

prevent[] the petitioner from ever having an opportunity to raise a challenge to the legality of his sentence").[1]

It is the unavailability of such a "reasonable opportunity" to obtain review of a claim touching on the "fundamental legality of his … sentence" that opens the door to review under § 2241. In other words, at the threshold, it is not the perceived strength of the claim the petitioner wants to litigate that justifies allowing him to proceed, but simply the fact that he has never before had a reasonable opportunity to test that claim through meaningful litigation. The Court of Appeals' decision to deny a stay of execution in *Garza*, *after* finding that the nature of the underlying claim warranted allowing Garza to proceed under § 2241, illustrates the point. *See Garza*, 253 F.3d at 923 (§ 2255 "does not now and has never provided an adequate avenue for testing Garza's present challenge to the legality of his sentence"); *id*. at 926 (concluding that "Garza has not presented any substantial ground on which relief could be granted in his habeas corpus petition"); *see also id*. at 923 ("Although [Garza's] argument is extremely problematic on its merits, we must not confuse lack of substantive merit with lack of jurisdiction. It is not so frivolous as to destroy [§ 2241] jurisdiction at the threshold"). Simply put, in analyzing whether resort to § 2241 is available, the Seventh Circuit has exclusively focused on the question whether § 2255 has proven "inadequate or ineffective," without considering the merits of the underlying

---

[1] By "raise a challenge" the *Garza* court plainly meant "obtain review of the merits of that challenge," as the opinion notes that Garza twice unsuccessfully attempted to get into court under § 2255 in the Fifth Circuit to present the claim he was ultimately allowed to litigate via § 2241 in the Seventh. *See Garza*, 253 F.3d. at 921 (citing *In re Garza,* 253 F.3d 201 (5th Cir. 2001); *In re Garza,* No. 01–40596 (5th Cir., June 11, 2001) (unpublished)).

claim. Substituting an adapted version of the stringent standard from § 2255(h)(1) would be impossible to square with that approach.

Another problem with screening access to review under § 2241 with a modified version of § 2255(h)(1)'s demanding gateway is that doing so would ignore the purpose of § 2255(h)(1), at least in the circumstances presented here. That provision exists to promote a general interest in the finality of criminal judgments. But there is no public interest in allowing the process of post-trial review to repose at a point it would never have reached but for the government's own misconduct. Where the government has prevented the movant from even *seeking* redress in his initial § 2255 proceeding for fundamental constitutional violations that marred his sentencing, the government alone bears responsibility for whatever delay might result when it later becomes necessary to conduct remedial review proceedings under § 2241. *Scott v. United States*, 890 F.3d 1239, 1252 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 842 (2019) (because "the government alone holds the key to ensuring a *Brady* violation does not occur," it cannot complain of prejudice from proceedings "necessitated by its own late disclosure of a *Brady* violation"; in that event the government "is solely responsible for inflicting any such prejudice on itself"). In Mr. Bernard's case, the government kept silent about Sgt. Hunt's report for *nearly twenty years*, which prevented the timely resolution of the issues now before this Court. At least where, as here, the petitioner played no role in the delay and brought the claims to court as soon as he reasonably could after discovering them, it would be grossly inequitable to require

him to meet, as an additional condition of obtaining review, a heightened evidentiary burden.[2]

Moreover, imposing a burden more onerous than the one that would have applied but for the government's misconduct will only incentivize the government to conceal its wrongdoing. *Scott*, 890 F.3d at 1252 ("Whatever finality interest Congress intended for AEDPA to promote, surely it did not aim to encourage prosecutors to withhold constitutionally required evidentiary disclosures long enough" to hinder defendants' ability to obtain review): *Long v. Hooks*, 972 F.3d 442, 471 (4th Cir. 2020) (en banc) (Winn, with Thacker and Harris, J.J., concurring) ("This case exemplifies how our current habeas precedent incentivizes and rewards bad faith on the part of police and prosecutors. Our habeas precedent rewards state actors guilty of *Brady* violations for committing additional constitutional violations in order to subject the *Brady* claim to a higher standard of review.); *Cage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (noting that "under our precedents as they currently stand, prosecutors may have an incentive to refrain from disclosing *Brady* violations related to prisoners who have not yet sought collateral review.") (citing *Panetti v. Quarterman*, 551 U.S. 930 (2007)); *Allen v. Mitchell*, 757 Fed. App'x. 482 (6th Cir. 2018) at *4 (Moore, J. dissenting) ("[T]reating Allen's *Brady* claim as second or successive would incentivize state prosecutors to withhold materially exculpatory evidence until after

---

[2] Indeed, the government has conceded that Mr. Bernard "did not unreasonably delay" in bringing his present § 2241 habeas corpus petition. *See* Response at 29 (dkt. 10).

5

a petitioner exhausts his initial federal habeas claims; . . . foreclosing adjudication unnecessarily restricts federal habeas review of *Brady* violations").

The benefit to the government might be smaller – forcing the petitioner to satisfy a standard much more favorable to the government in order to obtain review, as opposed to blocking review of his claim altogether – but it would still constitute a reward for the government's own lawlessness. And that benefit, though incrementally diminished, would remain substantial. A petitioner who can present a *Brady* claim in his initial § 2255 motion is guaranteed review unless the record "conclusively show[s]" that relief is foreclosed. 28 U.S.C. § 2255(b). Under a regime modeled on § 2255(h)(1), a petitioner who had been prevented through no fault of his own from presenting his *Brady* claim in his initial § 2255 motion would – to obtain review *at all* under § 2241 – effectively have to show by clear and convincing evidence that the case for relief is ironclad. Such a scheme would turn due process on its head and subvert the equitable foundations of the Great Writ.

As the Court will note, the test we articulate reflects the fact that Mr. Bernard is under a sentence of death. That restriction may not *necessarily* be required; a prisoner serving a term of years who has a *Brady* claim directed at his sentence would certainly wish to argue that § 2255 is "inadequate or ineffective" to obtain review of the merits of such a claim. But in our view, the fact that this is a death penalty case is highly relevant to the Seventh Circuit's requirement that the problem with an underlying judgment must be "fundamental" before a court is justified in making habeas corpus review available via the savings clause. *Purkey v. United States*, 964 F.3d 603, 615 (7th Cir.), *reconsideration denied*, 812 F. App'x 380 (7th Cir. 2020), *and cert. denied*, No. (20A12), 2020 WL

6

4006838 (U.S. July 16, 2020) (for a case to fall under the savings clause, "there must be a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem"); *see also Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*) (finding § 2255 inadequate and ineffective where it denies a prisoner "a reliable judicial determination of the fundamental legality of his … sentence").

In a death penalty case, the constitution is doubly offended by a *Brady* or *Napue* error, because such violations not only deny procedural fairness but compromise the substantive "heightened reliability" the Eighth Amendment demands for capital verdicts. *See Sumner v. Shuman*, 483 U.S. 66, 85 (1987) (striking down mandatory death penalty for prison murders by life-term inmates as failing to "ensure[] adherence to *the constitutional mandate of heightened reliability* in death-penalty determinations") (emphasis added); *Simmons v. South Carolina*, 512 U.S. 154, 172 (1994) (Souter, joined by Stevens, JJ., concurring) ("The Court has explained that the [Eighth] Amendment imposes a heightened standard for reliability in the determination that death is the appropriate punishment in a specific case") (internal quotation marks omitted) (citing cases). In short, whatever might count as a "fundamental problem" with a non-capital sentence, the likely prospect that a death sentence is the product of government misconduct qualifies as a "fundamental problem" justifying resort to § 2241. Additionally, prisoners not under a death sentence have other options for obtaining relief, such as moving for reduction of sentence under 18 U.S.C. § 3582(c), which might justify limiting access to habeas corpus under § 2241 for such petitioners.

To sum up, Mr. Bernard is entitled to review of his penalty-phase *Brady* and *Napue* claims in this habeas corpus proceeding under § 2241, because government misconduct denied him "a reasonable opportunity to obtain a reliable judicial determination" of those claims in his initial § 2255 motion, *Davenport*, 147 F.3d at 609, and because the gravity of the stakes – that he stands to be executed in less than a week on the authority of a judgment obtained in violation of the constitution – makes his tainted sentence a "fundamental problem" that it is imperative to correct. *Purkey*, 964 F.3d at 615. The crux of the issue is this: whatever standard the Court may apply to Mr. Bernard's *Brady* and *Napue* claims, it may not impose a standard more burdensome than would have applied in his initial § 2255 motion, had the government's misconduct not prevented him from raising the claims at that time.³

///

///

///

///

///

///

---

³ Thus, determining whether a particular *Brady* or *Napue* claim from a death-sentenced prisoner satisfies 28 U.S.C. § 2255(e)'s savings clause would include an assessment of whether the "motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief" on the claim. 28 U.S.C. § 2255(b). That is a low hurdle and Mr. Bernard's claims indisputably clear it. At a bare minimum, his factual allegations warrant discovery and an evidentiary hearing.

Respectfully submitted,

*[signature]*

**ROBERT C. OWEN**
Law Office of Robert C. Owen, LLC
53 W. Jackson Blvd., Ste. 1056
Chicago, Illinois 60604
Phone: (512) 577-8329
Email: robowenlaw@gmail.com
Texas Bar No.: 15371950

*[signature]*

**JOHN R. CARPENTER**
Assistant Federal Public Defender
Federal Public Defender for the
Western District of Washington
**1331 Broadway, Suite 400**
Tacoma, Washington 98402
Phone: 253.593.6710
Email: john_carpenter@fd.org
Washington Bar No.: 23301

Counsel for Petitioner

Dated: December 4, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all registered parties.

                                                s/ Amy Strickling, Paralegal
                                                Federal Public Defender Office